**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VITALINO PABLO PABLO,

Petitioner,

v.

DORA OROZCO, Warden, Imperial Regional Detention Facility; GREGORY J. ARCHAMBEAULT, Field Office Director, San Diego Field Office of Enforcement and Removal Operations, Immigrations and Customs Enforcement, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General, U.S. Department of Justice;

Respondents.

Case No.: 3:26-cv-04099-BTM-JLB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Pending before the Court is Vitalino Pablo Pablo's petition for a writ of habeas corpus. The Petitioner claims that he is entitled to a bond hearing under 8 U.S.C. § 1226.

(ECF No. 1 ("Pet."), ¶¶ 50–60.) The Respondents concede that Petitioner is entitled to a bond hearing under *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *stayed by Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). Since then, the Ninth Circuit has held that noncitizens detained while present in the interior of the country, such as the Petitioner, are held pursuant to Section 1226(a) and entitled to a bond hearing. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026). The Respondents also, based on prior decisions in the Southern District of California, "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 6, at 2.)

Because the Respondents do not oppose a bond hearing, the Court grants the Petitioner's request for a bond hearing. On or before September 28, 2026, unless the Petitioner requests a continuance, the Government is ordered to grant the Petitioner an individualized bond hearing before a fair, neutral, and open-minded immigration judge ("IJ"). The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024),[1] and any other factors the IJ deems relevant in this particular case. *See also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006). The IJ must determine whether the Petitioner is a danger to the community or a flight risk for which there are no conditions available that will deter such risk. If the Petitioner shows by a preponderance of the evidence that he is neither a danger to the community nor a flight risk, the IJ must grant bond. *Rodriguez*

[1] The nine factors include the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006)).

*Vazquez*, 183 F.4th at 1167 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to the Petitioner's counsel. If the Government fails to comply with this writ, the Petitioner can apply to this Court for relief.

The Petitioner does not argue why he is entitled to release. He argues that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. (Pet. ¶¶ 41–48.) He also requests release. (*Id.* at 12.) But he does not explain why the balance of *Mathews v. Eldridge* factors weighs in favor of ordering his release instead of a bond hearing. (*Id.* ¶ 60.) *See* 424 U.S. 319, 334–35 (1976). Because the Petitioner has not shown that he is entitled to release, the remedy of release is denied without prejudice. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

In conclusion, the petition for a writ of habeas corpus is **GRANTED IN PART**. The Respondents are ordered to grant Pablo Pablo an individualized bond hearing before a fair, neutral, and open-minded IJ in accordance with the requirements ordered above. The remedy of release without a bond hearing is **DENIED** without prejudice. The parties shall file a joint status report on the result of the bond hearing within forty-eight (48) hours of the bond hearing. If the Respondents fail to comply with this writ, the Petitioner can apply to this Court for relief. The Court retains jurisdiction to enforce the writ.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Honorable Barry Ted Moskowitz
United States District Judge