**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

VITALINO PABLO PABLO,

Petitioner,

v.

DORA OROZCO, Warden, Imperial Regional Detention Facility; GREGORY J. ARCHAMBEAULT, Field Office Director, San Diego Field Office of Enforcement and Removal Operations, Immigrations and Customs Enforcement, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General, U.S. Department of Justice;

Respondents.

Case No.: 3:26-cv-04099-BTM-JLB

**FINAL JUDGMENT**

//

//

The Court **HEREBY ORDERS THAT:**

1. The petition for a writ of habeas corpus is **GRANTED IN PART**.
2. The Respondents are ordered to grant Vitalino Pablo Pablo an individualized bond hearing. The bond hearing must be before a fair, neutral, and open-minded immigration judge.
3. The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024), and any other factors the IJ deems relevant in this particular case. *See also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006).
4. The IJ must determine whether the Petitioner is a danger to the community or a flight risk for which there are no conditions available that will deter such risk. If the Petitioner shows by a preponderance of the evidence that he is neither a danger to the community nor a flight risk, the IJ must grant bond. If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to the Petitioner's counsel.
5. The hearing must be held on or before September 28, 2026, unless the Petitioner requests a continuance.
6. The parties shall file a joint status report on the result of the bond hearing within forty-eight (48) hours of the bond hearing.
7. The remedy of release without a bond hearing is **DENIED** without prejudice.
8. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge