**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VITALINO PABLO PABLO,<br>Petitioner,<br>v.<br><br>DORA OROZCO, Warden, Imperial Regional Detention Facility; GREGORY J. ARCHAMBEAULT, Field Office Director, San Diego Field Office of Enforcement and Removal Operations, Immigrations and Customs Enforcement, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General, U.S. Department of Justice;<br>Respondents. | Case No.: 3:26-cv-04099-BTM-JLB<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO WITHDRAW DOCUMENT,**<br>**(2) VACATING ORDER AND JUDGMENT, AND**<br>**(3) GRANTING JOINT MOTION TO DISMISS**<br><br>**[ECF NOS. 7, 8, 10, 11]** |

//

//

On September 14, 2026, the Court issued an order and final judgment requiring the Respondents to hold a bond hearing for the Petitioner. (ECF Nos. 7–8.) On September 17, 2026, the parties filed a joint motion to dismiss the action without prejudice. (ECF No. 10.) Separately, the Respondents moved to withdraw the document labeled "Return to Petition for Writ of Habeas Corpus" under docket entry no. 9. This document was mistakenly filed before the joint motion to dismiss. As a preliminary matter, the motion to withdraw is **GRANTED**. (ECF No. 11)

The joint motion to dismiss states that Petitioner Pablo Pablo "was released from immigration custody on September 4, 2026." (ECF No. 10.) In other words, the Petitioner was released from custody before the Court ordered the Respondents to provide him with a bond hearing. Because the Petitioner no longer needs a bond hearing and the Respondents need not be compelled to provide him one, the parties move to dismiss the action. But the Court cannot dismiss an action after final judgment has been issued. *See* Fed. R. Civ. P. 54. Thus, the Court construes this filing as a motion for relief from the order and judgment. *See* Fed. R. Civ. P. 60(b). The Court finds that relief from the order and judgment is warranted as a result of the inadvertence of the parties in not informing the Court that the Petitioner had been released from custody. The order and the judgment are **VACATED**. (ECF Nos. 7–8.)

Having vacated the order and judgment, the action is before the Court and the joint motion to dismiss the action is ripe. The joint motion is **GRANTED**. (ECF No. 10.) This action is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: September 18, 2026

Honorable Barry Ted Moskowitz
United States District Judge